# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:15CR00003-024 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **MICHAEL ALLEN WARREN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.  ) | |

*Sara Bugbee Winn,* Assistant United States Attorney, Roanoke, Virginia, for United States; *Nancy C. Dickenson-Vicars,* Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). The immediate issue is whether the defendant has exhausted his administrative remedies. It is not a jurisdictional issue,[1] but exhaustion is mandatory because the statute expressly

---

[1] In considering § 3582(c)(2), a separate subsection setting forth another exception to the rule that a district court may not modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence does not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017) (holding that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as

provides that it is a prerequisite to a reduction of sentence by the court that "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

The regulations adopted by the Bureau of Prisons provide that when an inmate's request under § 3582(c)(1)(A) is denied by the warden, the inmate may appeal the denial through the Administrative Remedy Procedure (ARP). 28 C.F.R. § 571.63(a) (2018). The ARP provides for an appeal by the inmate within 20 days to the appropriate Regional Director, and from there within 30 days to the General Counsel of the Bureau of Prisons. *Id.* at § 542.15(a). A denial by the General Counsel constitutes a final administrative decision. *Id.* at § 571.63(b).

I have held that the proper interpretation of § 3582(c)(1)(A) is to excuse full exhaustion of administrative remedies "only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request." *United States v. Nance*, 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020). In other words, when a warden denies an inmate's request within 30 days, the inmate needs "to

---

such") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)). I find this reasoning persuasive as to the sister exception contained in § 3582(c)(1)(A).

exhaust his administrative remedies to *appeal* the warden's denial before filing." *United States v. Brummett*, No. 6:07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020). I find requiring full exhaustion unless the warden does not respond within the time limit imposed more likely corresponds with congressional intent. It balances the advantage of prompt consideration of an inmate request with the equal advantage to the inmate of permitting further review of the warden's denial by officials who are likely to have a broader view of the policies involved. If the interpretation were otherwise, there would be no reason for the statute's express condition of full exhaustion of administrative remedies. Congress would merely have provided that an inmate's motion to the court can be filed any time after 30 days from his submission to the warden. If denied or not acted upon, the inmate could then file his motion in the sentencing court or if he felt he might fare better administratively, wait for the warden's denial and pursue his administrative appeals, with the option at any time of abandoning the administrative process and filing his motion in court.

  In the present case, the United States, in its brief in opposition to the motion, simply states that, "Warren alleges he submitted a request with the warden on April 23, 2020. . . . BOP, however, has no record of any such request." Gov't's Resp. 2, ECF No. 1090. In reply, the defendant submitted what he contends is a "copy" of his request which is dated "4/24/2020" and is on an official Bureau of Prisons form.

Def.'s Reply Ex. 1, ECF 1102-1.  What kind of copy is not explained.  A copy from memory on another form, or a copy made at the time of the original with an extra form?

So, where are we?  How is the court to determine whether the defendant did in fact submit the required request to the Warden more than 30 days ago?  Should the court merely accept the bare representation of the attorney for the government that the BOP has no record of a request and thus conclude that it was not made?  Or should it take at face value the "copy" submitted by the defendant?  How is an inmate able to overcome a claimed lack of receipt of his request?

I will give the parties one more chance to answer these questions and present any further evidence or argument on the issue of exhaustion as required by § 3582(c)(1)(A), provided it is submitted within 14 days of this date.

It is so **ORDERED**.

ENTER:   June 4, 2020

/s/  JAMES P. JONES
United States District Judge