# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:15CR00003-024 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MICHAEL ALLEN WARREN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking release from his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). By Opinion and Order entered June 4, 2020, *United States v. Warren*, No. 1:15CR00003-24, 2020 WL 2988884, at *2 (W.D. Va. June 4, 2020), I directed the parties to further brief the issue of exhaustion of administrative remedies.

The statute provides that it is a prerequisite to a reduction of sentence by the court that "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

In Warren's pro se motion, as well as in his later supplemental motion filed by counsel on May 14, 2020, it was alleged that Warren submitted his request to his Warden on April 23, 2020. He also submitted what he referred to as, "This is a copy of what I sent to Warden," which is dated "4/24/2020" and is on an official Bureau of Prisons form, Def.'s Reply Ex. 1, ECF No. 1102-1, and which his counsel represents is what "he filled out . . . for his own records to serve as his personal copy." Def.'s Additional Evid., ECF 1114.[1] Counsel also represents that the original was delivered to a correctional officer, whom Warren believes was a new officer, and whose name he has not been able to learn. *Id*.

The United States denies that the Warden received the original request and submitted memos from the Warden's secretary, the executive assistance/camp administrator, case manager, and unit manager, all of whom deny receipt of the request.

The parties disagree as to who has the burden of proof as to exhaustion of administrative remedies where there is a factual dispute, as here. Of course, the statute does not answer that question. In a not dissimilar statute, the Prison Litigation Reform Act, which requires administrative exhaustion of claims against prison officials under 42 U.S.C. § 1983, the Supreme Court held that such exhaustion is an

---

[1] The substantive request to the Warden says, "Compassionate Release High-risk health conditions high blood pressure asthma sleep apnea obesity and more  Thank you[.]" Def.'s Reply Ex. 1, ECF No. 1102-1.

affirmative defense, which places the burden on the party raising it. *Jones v. Bock,* 549 U.S. 199, 212 (2007). While the Court in *Jones* relied on the pleading standards of the Federal Rules of Civil Procedure, as a practical matter, the government is certainly in a better position to determine and prove whether an inmate has in fact submitted a request under § 3582(c)(1)(A). Inmates often have little ability to document or prove, other than their own or a fellow inmate's word (convicted felons all), that they engaged in any particular official action.

Even assuming that the United States has the burden of proof on the issue of exhaustion of administrative remedies, I find that it has met that burden, based on the documents presented. I note that Warren has presented no affidavit or declaration of his version of the events. Accordingly, I find that 30 days has not lapsed from receipt by the warden of the defendant's facility of a request that the Bureau of Prison file a motion on the defendant's behalf, as required by the statute.

According, the defendant's motion and the supplemental motion, ECF Nos. 1073 and 1085, are DENIED without prejudice.

It is so **ORDERED**.

ENTER:   June 30, 2020

/s/  JAMES P. JONES
United States District Judge